IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KATELYNN J. FOWLER,

Plaintiff,

v.                                                    CASE NO. 23-3218-JWL

TOPEKA CORRECTIONAL FACILITY, ET AL.,

Defendants.

MEMORANDUM AND ORDER

Plaintiff and state prisoner Katelynn J. Fowler, who is housed at Topeka Correctional Facility in Topeka, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court has reviewed the complaint and identified certain deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court will therefore direct Plaintiff to file a complete and proper amended complaint that cures the deficiencies identified herein. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to her.

I.    Nature of the Matter before the Court

Plaintiff names as defendants the Topeka Correctional Facility (TCF) and First Sergeant Officer Clark, who works at TCF. (Doc. 1, p. 1-2.) As the factual background for this complaint, Plaintiff alleges that the TCF kitchen where she works daily is infested with rats and bugs and the kitchen plumbing is backed up. *Id.* at 2-3. The trays have feces on them but have not been sent for proper sanitation or decontamination. *Id.* at 3. Although Plaintiff has written to the health inspector about these issues, work orders to repair the problems have been delayed, allegedly because of remodeling. *Id.* at 2. Plaintiff further alleges that Defendant Clark has denied her access to a shower

after her kitchen shift, instead making Plaintiff wash herself using her cell's sink in front of her roommate. *Id.* at 2-4.

     As Count I, Plaintiff alleges that Defendant Clark's refusal to let her shower after working in unsanitary conditions and instead making her wash herself using the sink in her cell violates her right under the Eighth Amendment to be free from cruel and unusual punishment. *Id.* at 3. As Count II, Plaintiff alleges that the unsanitary conditions of the kitchen and the denial of showers after working in the kitchen demonstrates unconstitutional deliberate indifference to inhumane conditions of confinement. *Id.* Liberally construed, as is appropriate because Plaintiff proceeds pro se, this appears to raise a claim that Plaintiff's Eighth Amendment rights were violated. As Count III, Plaintiff alleges that she has suffered damage to her mental health and emotional damage; she has post-traumatic stress disorder (PTSD) and is being retraumatized by being forced to work in inhumane conditions and then being denied access to a shower and instead being forced to wash herself by using her sink in front of her roommate. *Id.* at 4. As relief, Plaintiff seeks $2,000,000.00 in damages. *Id.* at 5.

## II.  Screening Standards

     Because Plaintiff is a prisoner, the Court is required by statute to screen her complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se amended complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's

complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d her] claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then Plaintiff has not met her burden. *See Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III.    Discussion

### A.  Relief Requested

This action is subject to dismissal in its entirety because even liberally construing the complaint, monetary damages—the only relief Plaintiff seeks—are not available to her. Although

Plaintiff does not identify whether she seeks compensatory, punitive, or nominal damages, the current complaint does not show a plausible claim that Plaintiff is entitled to any monetary damages. Under the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As used in the PLRA, "prisoner" includes "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). This provision of the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). It applies regardless of the nature of the underlying violation asserted. *Id.*

Simply put, without "a prior showing of physical injury or the commission of a sexual act," a prisoner plaintiff may not obtain compensatory damages. *Id.* at 878. Although Plaintiff alleges that she suffers from PTSD as a result of previous homelessness and sexual assault and that her PTSD is exacerbated by the events underlying her complaint, she does not allege that the events underlying this complaint involved a physical injury or the commission of a sexual act. Accordingly, even liberally construing the complaint, Plaintiff has failed to allege facts that support a plausible claim for compensatory damages in this action.

Punitive damages are available in a § 1983 lawsuit, but they "are available only for conduct which is 'shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Although Plaintiff's allegations include deliberate indifference, she does not allege facts that would reflect a plausible claim that any of the related conduct by a Defendant was motivated by evil intent or that it involved reckless

or callous indifference to her federally protected rights. Thus, Plaintiff has not alleged sufficient specific facts that would support the conclusion that she has made a plausible claim for punitive damages.

Finally, "'[n]ominal damages are damages in name only, trivial sums such as six cents or $1" that do not purport to compensate for past wrongs" and "are symbolic only." *See Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1264 (10th Cir. 2004) (citation omitted). It would be illogical for the Court to construe Plaintiff's request for $2,000,000.00 as a request for nominal damages. Because Plaintiff has failed to allege facts sufficient to support a claim for compensatory, punitive, or nominal damages, she has failed to allege facts sufficient to support her request for monetary relief, which is the only type of relief she seeks. This failure leaves this matter subject to dismissal in its entirety.

Although the failure to seek relief that is available on the facts alleged in the complaint is by itself enough to require an amended complaint, the Court will identify additional deficiencies in the complaint which Plaintiff must cure in any amended complaint she files. The Court also will grant Plaintiff time to file a complete and proper amended complaint that cures all of the deficiencies described herein.

### B.  Improper Defendant

This matter also is subject to dismissal as it is brought against Defendant TCF because TCF is not a "person" suable under § 1983. Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will*, 491 U.S. at 66, 71 (neither state nor state agency is a "person" which can be sued under Section 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 Fed. Appx. 406, 408 (10th Cir. 2005).

### C.  Failure to Allege a Constitutional Violation

This action is subject to dismissal in its entirety because it fails to allege sufficient facts that support a plausible claim on which relief could be granted. Liberally construing the complaint, it appears that all three counts are based on the allegation that Plaintiff's Eighth Amendment rights were violated. Count I and Count III allege Eighth Amendment violations based on the denial of access to a shower and being forced to bathe in her cell, while Count II alleges an Eighth Amendment violation based on the unsanitary kitchen conditions. If this construction of the complaint is inaccurate, Plaintiff should clarify the basis for her claims in any amended complaint she chooses to file.

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates." *Smith v. Allbaugh*, 987 F.3d 906, 910 (10th Cir. 2021) (internal quotation marks and citations omitted). This means that the Eighth Amendment requires prison officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Prison conditions may be "restrictive and even harsh," *see Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), without rising to the level of a constitutional violation.

The Tenth Circuit has explained:

"An inmate raising an Eighth Amendment conditions-of-confinement claim must prove both an objective and subjective component associated with the deficiency. The objective component requires conditions sufficiently serious so as to (1) deprive an inmate 'of the minimal civilized measure of life's necessities' or (2)

> subject an inmate to 'a substantial risk of serious harm.' 'The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety.' To prove deliberate indifference, a prisoner must adduce sufficient facts to show the defendant knew of and disregarded 'an excessive risk to inmate health or safety.' Under this standard, 'the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist, and he [or she] must also draw the inference.'"

*Brooks v. Colorado Dept. of Corrections*, 12 F.4th 1160, 1173 (10th Cir. 2021) (citations omitted).

First, the complaint now before the Court fails to allege facts that support a plausible claim that the kitchen conditions rose to the level of an Eighth Amendment violation and that any named Defendant was deliberately indifferent to those conditions. Even assuming solely for the sake of argument that the complaint alleges facts that plausibly satisfy the objective component, the complaint does not allege any facts that support the conclusion that a named Defendant acted in a way that satisfies the subjective component of the test. As explained above, TCF is not a person who can be sued under 42 U.S.C. § 1983. The only other named Defendant is Defendant Clark, and the complaint alleges no facts that could be liberally construed to show Defendant Clark had any knowledge of the kitchen conditions, much less that he knew that the kitchen conditions constituted an excessive risk to inmate health or safety and disregarded that risk.

An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Put another way, a viable

§ 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 124, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)).

Second, regarding the shower-related Eighth Amendment claims, the complaint fails to allege sufficient facts to state a plausible claim that meets both the objective and subjective parts of the test. The complaint alleges that Plaintiff has been denied access to the showers twice. (*See* Doc. 1, p. 5.) A conditions-of-confinement claim depends upon "the particular facts of each situation[, so] the 'circumstances, nature, and duration of the challenged conditions must be carefully considered.'" *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2011) (citation omitted). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id.* As the severity of the condition increases, the length of exposure required to make out a constitutional violation decreases. *Id.* In other words, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations . . . 'may meet the standard despite a shorter duration." *Id.* (citations omitted). In addition, the complaint does not allege the required state of mind by Defendant Clark. Finally, "[m]ental or emotional stress, without physical injury, is insufficient to state a § 1983 claim based on conditions of confinement." *Moore v. Morris*, 116 Fed. Appx. 203, 205 (10th Cir. 2004) (unpublished).

The Court further notes that it appears from some of Plaintiff's exhibits to the complaint that she may not have been denied access to the showers altogether, but that she chose to spend the time in which she could have showered doing other activities, such as exercising. (*See* Doc. 1-1, p. 2.) If Plaintiff was given access to showers but chose to spend that time in other ways, she has not been deprived of the minimal civilized measure of life's necessities. *See Thompson v. Lengrich*, 2022 WL 1177840, *11 (D. Colo. Feb. 28, 2022) (unpublished) (finding that there was

no Eighth Amendment claim when "Plaintiff does not allege that he was deprived of *any* ability to clean himself, only that he refused to do so unless" his preference for a private shower was met), *report and recommendation adopted at* 2022 WL 910703 (D. Colo. Mar. 29, 2022) (unpublished), *dismissal aff'd* at 2023 WL 2028961 (10th Cir. Feb. 16, 2023) (unpublished).

## IV.   Amended Complaint Required

 For the reasons stated herein, it appears that this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. To be clear, Plaintiff may not simply refer in an amended complaint to her initial complaint; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from the initial complaint.

Plaintiff must write the number of this case (23-3218) at the top of the first page of her amended complaint. She must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, she must adequately identify the federal constitutional provision or law she believes was violated and she must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint, including dates, locations, and circumstances. Plaintiff may attach additional pages to the form complaint if necessary, but she should not utilize the form complaint only to refer the Court generally to an attached memorandum. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current

complaint, which will be dismissed without prejudice for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including November 6, 2023, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 6th day of October, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge